**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BRENT ALAN ETHRIDGE,** | § | |
| **(TDCJ No. 02406773),** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-469-O** |
| | § | |
| **TARRANT COUNTY** | § | |
| **SHERIFF'S OFFICE, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION and ORDER OF PARTIAL DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate Brent Alan Ethridge's ("Ethridge") case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed the operative pleadings, the Court finds that Plaintiff's claims and allegations against some defendants must be **DISMISSED** with prejudice under authority of these provisions, but that he may obtain service of process on the remaining claims.

## I. BACKGROUND

Plaintiff Ethridge initially filed a form civil rights complaint with attachments and exhibits. Compl., ECF No. 1. At the time he filed suit, Ethridge was housed in the Tarrant County Jail, but he is now imprisoned in a TDCJ unit. *Id*. at 1; Notice of Address Change, ECF No. 10. In the complaint he named as defendants the Tarrant County Sheriff's Office, John Peter Smith ("JPS") Community Healthcare, Corrections Officer Miles, Corrections Officer Poore, Corrections Officer Irvin, Medical Director Dr. Shaw, and Physician's Assistant Heather Johnson. *Id* at 1-2. In that complaint Ethridge provided the following statement of claim:

> On November 21, 2021, I was injured working in the kitchen at the Tarrant County Jail- Green Bay facility. This injury was a direct result of not be [sic] provided proper protective gear (heavy duty gloves) for washing pots and pans. Kitchen supervisor Miles also did not send me to medical. Neither did the housing unit officer. I had to have surgery and have permanent damage to my fingers and do not have full range of motion and constant pain. Failure to carry out medical needs by officers and staff caused further injury due to neglect.

Compl. 3, ECF No. 1. After review of the original complaint, the Court issued an order for Ethridge to answer the Court's questions in the form of a more definite statement of the facts related to his claims, and he responded by filing a handwritten more definite statement.[1] Order for More Definite Statement ("MDS"), ECF No. 8; MDS, ECF No. 9.

In review of the more definite statement, in response to the Court's question about "not being provided protective gear," Ethridge alleged that he asked Officer Miles for heavy duty gloves but received only latex gloves. MDS 2, ECF No. 9. As to when he received medical care, Ethridge alleged that although Office Miles and an Officer Poore told him he would be taken for medical care, he was not taken until the next day. *Id.* at 2-3. Ethridge explained that the injury occurred on November 21, 2021 at about 4p.m. and he was not taken to medical until the next day at 10:00 a.m. *Id.* at 3, Ethridge, however, acknowledged that he was able to sleep all of that night. *Id*. at 2. As to the medical care received, Ethridge informs that although he was sent for x-rays, and had an orthopedic consultation, he was not given pain medications (Tylenol and Ibuprofen) for almost 72 hours. *Id.* at 3.

As to his claims against Officer Miles, Ethridge contends that as he is in charge of all kitchen staff, Miles was "obligated to the 'duty of care' of all inmates in care of Tarrant County

[1]Although the MDS is twelve pages, it includes two copies of the same answers in one document, such that the MDS is actually contained only on pages 1-6. ECF No. 9. Also, pages 5 and 6 of the MDS are out of order on the docket, such that the Court will cite to the page numbers assigned by the CM/ECF

Jail." *Id.* at 3. As to Officer Poore, Ethridge contends he "failed to make sure I was seen for an injury that occurred in the kitchen and required immediate medical attention." *Id.* As to Officer Irvin, Ethridge alleges that Irvin ultimately "carried out [him] being seen by medical." *Id.* at 3-4. But he still complains that no report was written regarding the failure to have him seen by medical "at the time injury occurred." *Id.* at 4. With regard to his naming of Dr. Shaw, Ethridge wrote that he "is generally in charge of ensuring provision of medical care to prisoners," [and that he] "should have been seen for a minimum of triage and evaluation of my injury." *Id.* at 4. With regard to defendant Physician's Assistant Heather Johnson, Ethridge contends that she "would not allow me to get Ibuprofen prescribed by the orthopedic MD Sara Haynes until almost 72 hours after my injury . . .." *Id.* Ethridge also expressly contends that Shaw and Johnson were deliberately indifferent to his medical needs by failing to timely approve his medications consistent with an orthopedic surgeon's plan of care. *Id*. at 4, 6. For relief in this proceeding, Ethridge seeks "monetary compensation as well as other relief as itf may appear plaintiff is entitled to." Compl. 3, ECF No. 1.

## II. LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Ethridge is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review and screen a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a). Because Ethridge is proceeding in-forma-pauperis, his pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte*

---

system.

dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

## III. ANALYSIS

### A. No Allegation of Deliberate Indifference - Several Defendants

As noted above, Plaintiff has named several individual defendants in their individual capacities, including Officers Miles, Poore, and Irvin, as well as Medical Director Dr. Shaw and Physician's Assistant Heather Johnson.[2] Compl. 2, ECF No. 1. When Ethridge filed this action on a prisoner complaint form, he invoked the Court's federal question jurisdiction by seeking

[2]Ethridge also expressly named the individual defendants in an official capacity. Those claims will be separately addressed in Section III (C) of this order.

relief against the defendants under 42 U.S.C. § 1983.[3] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

In order to support a claim for relief under § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation of such right by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.1993). Screening review reveals that as to several defendants, Ethridge has failed to state a plausible claim of a violation of a constitutional right.

As Ethridge filed suit while he was detained in the Tarrant County Jail, it appears he was a pretrial detainee for the time period made the basis of his complaint. Compl. 1, ECF No. 1. Thus, treating Ethridge as a pre-trial detainee at the time of the events made the basis of this case, his rights flow from the procedural and substantive guarantees of the Fourteenth Amendment. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525-26 (5th Cir. 1999). The Fourteenth Amendment protects a detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The Fourteenth

[3]"Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."42 U.S.C. § 1983.

Amendment also requires the state to provide for the basic human needs of pre-trial detainees, including the right to adequate medical care. *Lacy v. Shaw*, 357 F. App'x. 607, 609 (5th Cir. 2009) (citing *Hare, v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996)). "The Fourteenth Amendment guarantees pretrial detainees a right 'not to have their serious medical needs met with deliberate indifference on the part of the confining officials.'" *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (citing *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001)).

In order to establish a violation of this constitutional right, a detainee must show that the defendants acted with deliberate indifference to his serious medical needs. *Lacy*, 357 F. App'x at 609. To make a claim of deliberate indifference, a plaintiff must demonstrate that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with deliberate indifference to that risk. *Id.* (citing *Hare*, 74 F.3d at 647-48). Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In the medical care context, a detainee must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Lacy*, 357 F. App'x at 609 (citing *Johnson*, 759 F.2d at 1238). A delay in providing medical care is not a violation of this constitutional right unless it results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

In the Court's order for a more definite statement, after asking Ethridge to state the particular basis of his claims against each of the individual defendants, the Court asked this question:

> (7) Do you believe the facts you have provided in response to questions 1-6 above amount to a failure to provide reasonable care/negligence, or do you believe the facts show deliberate indifference to your health and safety or to your serious medical needs? If you believe the facts show deliberate indifference to your health and safety or to your serious medical needs, state exactly what actions listed in your answers to other questions show deliberate indifference by any defendant.

Order for MDS 3, ECF No. 8. Ethridge provided the following answer:

> Failure to provide reasonable care/neglect is evident by not being seen at the time of injury and not given any over the counter pain meds for a broken bone for close to 72 hours while in severe pain for a serious injury. The deliberate indifference is evident when Heather Johnson and Shaw on 2 occasions do [sic] not follow the orthopedic surgeons plan of care by not updating or approving my medications for the nerve damage to my finger caused by the incisions form the surgery. I was in severe pain that could have been prevented by updating my medications in a timely
> manner.

MDS 4-6, ECF No. 9. This answer shows that as to defendant Officers Miles, Poore, and Irvin, Ethridge has expressly declined to recite any facts or basis to support any claim of deliberate indifference on the part of any of these defendants. At most as to these three individual defendants, Ethridge's other allegations might support a claim that each official was negligent. Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *Thompson*, 245 F.3d at 458-59 (noting that deliberate indifference cannot be inferred from "negligent or even a grossly negligent response to a substantial risk of serious harm.") Similarly, Ethridge's claims for relief under 42 U.S.C. § 1983

against Officers Miles, Poore, and Irvin fail to state any claim of the violation of a constitutional right. Ethridge's claims against these defendants thus must be dismissed.[4]

**B. Tarrant County Sheriff's Office -No Jural Existence Tarrant County, Texas and JPS Community Healthcare - No Sufficient Claim of Municipal Liability**

As noted above, Ethridge named as a defendant the Tarrant County Sheriff's Office. Compl. 1, ECF No. 1. But "[f]ederal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, Civ. A. No. 3:07-cv-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Because Ethridge has failed to show that the Tarrant County Sheriff's Office is a separate legal entity with the capacity to be sued, all of his claims against this defendant must be dismissed. *See Hicks v. Tarrant Cnty. Sheriff's Dep't*, 352 F. App'x 876, 878 (5th Cir. 2009) (dismissing claims against Tarrant County Sheriff's Department and County Commissioners where plaintiff failed to show that defendants were separate legal entities amendable to suit). After the Court explained to Ethridge the doctrine of jural existence in the Order for an MDS, Ethridge answered in the MDS that "[i]f the Sheriff's Department is not liable for my injury then I would like to sue Tarrant County." MDS 6, ECF No. 9. Thus, Ethridge has abandoned his claims against the Tarrant County Sheriff's Office, and that defendant must be dismissed.

Ethridge alternatively names Tarrant County, Texas and the "JPS Community Healthcare" because "when I asked who Shaw and Heather Johnson worked for that was the response I got." MDS 5, ECF No. 9. Although a city or county is a "person" within the meaning

[4]Conversely, the Court finds that Ethridge has listed sufficient facts to state a claim of a constitutional violation by defendants Dr. Shaw and Physician's Assistant Johnson. As such, Ethridge

of § 1983 a municipal government may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). The Supreme Court, in *Monell*, emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.

*Id.* at 694. Thus, to the extent Ethridge claims that Tarrant County, Texas or John Peter Smith Community Healthcare ("JPS") is responsible to him due to the actions of the individual defendant employees, as such claims are essentially that Tarrant County or JPS is responsible on a vicarious liability or *respondeat superior* basis, such claims are without legal merit.

Instead of vicarious liability for the actions of government employees, § 1983 liability attaches against a local government entity only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 59 (2011) (quoting *Monell*, 436 U.S. at 692); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (liability "only where the municipality *itself* causes the constitutional violation at issue") (emphasis in original). An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Prince v. Curry*, 423 F. App'x 447, 450 (5th Cir. 2011) (quoting *Connick*, 563 U.S. at 60.)

---

will be entitled to effect service of process on these defendants. *See* Section IV.

Although Ethridge identified Tarrant County and JPS as municipal defendants after the Court informed him of the doctrine of jural existence, he has wholly failed to provide any "facts of a custom or policy . . . that relates to your harm." Order for MDS 4, ECF No. 8. Ethridge did not provide any responsive information asserting any facts against Tarrant County, Texas or JPS. MDS 4-6, ECF No. 9. Ethridge has provided no facts to support any claim that Tarrant County or JPS acted through a policy or custom that related to any violation of his constitutional rights on the facts as stated. Therefore, Eithridge's claims against Tarrant County, Texas and JPS must be dismissed. *See generally Morgan v. City of Fort Worth*, Nos. 4:13-cv-004-Y and 4:13-cv-017-Y, 2013 WL 3196580, *3 (N.D. Tex. Jun. 25, 2013) ( "Plaintiff Morgan has not provided any factual allegations whatsoever of any such policy or custom against JPS . . . [a]s Morgan has not included factual allegations of any policies and/or practices of JPS associated with these unrelated medical care incidents, he has not sufficiently alleged liability against JPS.")

**C. Dismissal of Official Capacity Claims for Relief under § 1983**

In his MDS, Ethridge expressly identified claims under § 1983 against the defendants in an official capacity. MDS 4-5, ECF No. 9. When a government employee is sued in his or her official capacity the employing entity is the real party in interest for the suit. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity") (citations omitted). As a result, Ethridge's claims against the defendants in their official capacities as employees of Tarrant County, Texas or as employees of JPS must be construed as claims against Tarrant County and JPS. As such, Ethridge's official capacity claims must be dismissed for the reasons already provided in review of his claims

against these municipal entities.

## IV. SERVICE OR REMAINING CLAIMS

Construed liberally, Ethridge has alleged facts against individual defendants Medical Director Dr. Shaw and Physician's Assistant Heather Johnson, that entitle him to service of the complaint and more definite statement on them. Thus, the Court will allow service of Ethridge's remaining claims against these two persons through the assistance of the officers of the Court under 28 U.S.C. 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F.2d 1109-1110 (5th Cir. 1987).[5]

## V. CONCLUSION and ORDER

It is therefore **ORDERED** that all plaintiff Brent Alan Ethridge's claims for relief in this action against defendants Officer Miles, Officer Poore , Officer Irvin, the Tarrant County Sheriff's Office, Tarrant County, Texas, and JPS Community Healthcare, and all claims for relief against any defendant in an official capacity, are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **13th day** of **October, 2022.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

[5]A separate order will issue regarding service of Ethridge's remaining claims.