IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BRENT ALAN ETHRIDGE,** § <br> **(TDCJ No. 02406773),** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **TARRANT COUNTY** § <br> **SHERIFF'S OFFICE, et al.,** § <br> § <br> **Defendants.** § | Civil Action No. 4:22-cv-469-O |

## OPINION and ORDER GRANTING MOTION TO DISMISS

Now pending is the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and incorporated brief filed by remaining defendants Aaron Shaw, D.O. ("Shaw") and Physician's Assistant Heather Johnson ("Johnson") (collectively "Defendants"). Mot. Dismiss, ECF No. 22. Plaintiff Brent Alan Ethridge ("Ethridge") has not filed any response. After considering the remaining claims for relief asserted by Ethridge, the record, the briefing and the applicable law, the Court finds that the Defendants' motion to dismiss must be **GRANTED**, and that all Plaintiff Ethridge's remaining claims against Shaw and Johnson must be dismissed.

I.   BACKGROUND

   A.   Introduction

Ethridge is a former Tarrant County Jail inmate and current inmate in a Texas Department of Criminal Justice ("TDCJ") unit. While at the Tarrant County Jail, Ethridge was assigned to work in the kitchen cleaning pots and pans. Compl. 3, ECF No. 1; More Definite Statement ("MDS") 1, ECF No. 9. While working, Ethridge injured his finger. MDS 1, ECF No. 9. He sued Shaw and Johnson under 42 U.S.C. § 1983 because he was dissatisfied with delays in

1

his medical treatment. The Court has already dismissed Ethridge's claims and causes of actions against other defendants, and his causes of action to the extent they are asserted against Shaw and Johnson in their official capacities. Op. and Order 10-11, ECF No. 11.

### B. Factual Allegations

Ethridge alleges facts in both his complaint and more definite statement as set forth below. Ethridge was incarcerated in the Tarrant County Jail, where he worked in the kitchen cleaning pots and pans. Compl. 3, ECF No. 9. Around 4 p.m. on November 21, 2021, his left ring finger was broken when a heavy pan hit his hand. MDS 3, ECF No. 9. He reported his injury to corrections officers, who told him that they called medical but that "medical was busy." *Id.* at 2. He was sent to medical the following morning, on November 22, 2021 around 10 a.m. *Id.* at 3. He received x-rays and, around 8 p.m., he was seen by Dr. Sara Haynes, an orthopedist. *Id*. Dr. Haynes told Ethridge she would prescribe Ibuprofen to reduce his swelling and pain. *Id.* Ethridge did not receive the medication until he met with Johnson on November 24, 2021, who prescribed Tylenol and Ibuprofen. *Id.* According to Ethridge, Johnson "would not allow" him to get Ibuprofen prescribed by Dr. Haynes until he was seen by Johnson. *Id.* at 4.

Dr. Shaw is the Medical Director of Tarrant County Jail and "is generally in charge of ensuring provision of medical care to prisoners and specifically for scheduling appointments outside Greenbay facility." *Id.* at 4. Ethridge complains that, when a corrections officer called medical to report his emergency medical need, he "should have been seen for a minimum or triage and evaluation of [his] injury." *Id.*

Ethridge underwent surgery relating to his injury on December 6, 2021. Compl. 15, ECF No. 1. Ethridge also alleges that, on two occasions after his surgery, Shaw and Johnson did not "follow the orthopedic surgeon's plan of care by not updating or approving [Plaintiff's] medications for the nerve damage to [his] finger caused by the incision from the surgery." MDS

6, ECF No. 9. Ethridge alleges that he "was in severe pain that could have been prevented by updating my medications in a timely manner." *Id.*

## II.      MOTION TO DISMISS

### A.      Applicable Law

#### 1.      Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court cannot look beyond the face of the pleadings in resolving a Rule 12(b)(6) motion. *Doe ex rel. Magee v. Covington Cnty, Sch. Dist.*, 649 F.3d 335, 341 (5th Cir. 2011) (explaining that "[w]e examine only the allegations within the four corners of the complaint"), *aff'd on rehearing en banc*, 675 F.3d 849 (5th Cir. 2012). A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood,* 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted)). Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, the

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief"). Then, in *Ashcroft v. Iqbal,* the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: (1) a court must apply the presumption of truthfulness only to factual matters and not to legal conclusions; and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-680. If the pleadings fail to meet the requirements of *Iqbal* and *Twombly* no viable claim is stated and the pleadings are subject to dismissal.

  **B.**  **ANALYSIS**

  Ethridge's § 1983 cause of action against Shaw is based on his allegations that (1) he did not receive medical care on the afternoon or evening following his injury, and (2) Shaw failed to timely approve his medications consistent with the post-operative plan of care. MDS 4, 6. ECF No. 9. Ethridge's § 1983 cause of action against Johnson is based on his allegations that (1) she would not allow him to get Ibuprofen prescribed by Dr. Haynes until after he met with her, and (2) she, like Dr. Shaw, failed to timely approve his medications consistent with the post-operative plan of care. *Id.*

4

After review and consideration of the combined motion to dismiss of Shaw and Johnson, the Court finds and determines that the motion to dismiss must be granted for the alternative reasons set forth. First, Ethridge has failed to allege facts to support a claim that defendants were deliberately indifferent to his medical needs for the alternative reasons presented in the motion to dismiss at section 1 (A) through (C). Furthermore, Defendants have shown that they are entitled to qualified immunity because Ethrdige has failed to ultimately plead a constitutional or statutory violation, and because he has not shown that either Defendant violated a right that was clearly established, as set forth in the motion to dismiss at section 2(A) and (B) .

### III.   ORDER

It is therefore **ORDERED** that the motion to dismiss for failure to state a claim under Rule 12(b)(6) of defendants Shaw and Johnson (ECF No. 22) is **GRANTED**, such that all plaintiff Brent Alan Ethridge's remaining claims against Shaw and Johnson are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** on this **19th day** of **April, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE